# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRYSTAL NEAL,                    )
                                 )
            Plaintiff,           )
                                 )
    v.                           )      1:15CV578
                                 )
CUTTER GROUP FINANCIAL and       )
SAM ROTH,                        )
                                 )
            Defendants.          )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). By Order dated August 13, 2015, the Court (per the undersigned United States Magistrate Judge) granted pauper status and directed Plaintiff to promptly return properly-completed summons forms. (Docket Entry 4.) That Order expressly warned Plaintiff that a failure to comply would result in dismissal of this action. (See id. at 1.) As shown in a prior Text Order, Plaintiff failed to provide properly-completed summons forms, thus preventing timely service of process. (See Text Order dated Dec. 14, 2015.) Via that Text Order, the Court gave Plaintiff yet another opportunity to explain her foregoing failure(s) and/or to show why the Court should not dismiss this action. (Id.) Again, Plaintiff received notice that dismissal would result, if (by January 13, 2016) she did not file a memorandum showing cause why dismissal should not

occur. (Id.) Plaintiff did not file a timely response to that Text Order. (See Docket Entries dated Dec. 14, 2015, to present.)

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). As a result, the Court should dismiss this action.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. Here, no reason exists to doubt that Plaintiff bears responsibility for the non-compliance, Plaintiff's inaction prejudices Defendants' right to prompt disposition of this case, Plaintiff ignored multiple orders, and no other sanction appears adequate.

As to the last of those considerations, the Court explicitly cautioned Plaintiff that a failure to comply would lead to dismissal without prejudice. "In view of th[at] warning, the

[Court] ha[s] little alternative to dismissal.  Any other course would . . . place[] the credibility of the [C]ourt in doubt and invite[] abuse."  Id. at 96.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action without prejudice.

<pre>
                                    /s/ L. Patrick Auld   
                                 **L. Patrick Auld**
                            **United States Magistrate Judge**
</pre>
January 19, 2016

-3-

Case 1:15-cv-00578-TDS-LPA   Document 17   Filed 01/19/16   Page 3 of 3